PATRICK KELLEY vs. WILLIAM E. MORRIS.

*Execution—when not to issue against the body under R. S., c. 113, § 19.*

Under R. S., c. 113, § 19, which provides that no person shall be arrested on an execution issued on a judgment founded on a prior judgment on contract, where the amount of the original debt remaining due is less than ten dollars, "the amount of the original debt remaining due" is the original debt for which such prior judgment was rendered, and not that debt with the addition of interest.

ON REPORT.

PETITION FOR MANDAMUS, commanding the respondent, in his official capacity, as judge of the municipal court of Portland, to issue an execution upon a judgment in favor of Patrick Kelley against Edwin C. Greely, running against the body of the latter. Judge Morris declined to do so, unless so ordered by this court, but tendered one running against the goods and chattels of the debtor, upon the state of facts set forth in the opinion.

*J. H. Williams*, for the petitioner.

*Nathan Webb*, for the respondent.

APPLETON, C. J. The petitioner, on the ninth of July, 1855, recovered judgment founded on a contract for six dollars debt or damage, and three dollars and four cents cost, before the police court of the city of Portland against one Edwin C. Greely, upon which execution issued, but no part of said judgment has been satisfied.

March 22, 1873, the petitioner commenced his action on said judgment in the municipal court of Portland, of which the respondent is judge, and on the last day of said March, said Greely was defaulted, and judgment rendered against him and in favor of the petitioner for eighteen dollars and ninety-six cents debt, and three dollars and forty-seven cents, cost of suit.

The petitioner duly demanded an execution running against the body of his debtor, which the respondent refused to issue, whereupon the plaintiff petitioned this court for its writ of mandamus, commanding him to issue such execution on said judgment.

By R. S., c. 113, § 2, "any person . . . . . may be arrested and held to bail or committed to prison on mesne process on contract express or implied, if the sum demanded amounts to ten dollars, or on a judgment on contract, if the debt originally recovered and remaining due is ten dollars or more, exclusive of interest," &c.

It is obvious that it was the intention of the legislature that no one should be arrested on mesne process when the "sum demanded" in the writ, or the debt originally recovered and due, exclusive of interest, does not amount to ten dollars.

By § 19, it is provided that "no person shall be arrested on an execution issued on a judgment founded on a contract express or implied, when the debt is less than ten dollars, exclusive of costs; or on a prior judgment on contract when the amount of the original debt remaining due is less than ten dollars, exclusive of costs."

The first provision in § 19 corresponds with the first in § 2. The debt, or the sum demanded, must both be less than ten dollars.

The debt in the prior judgment on which this suit is founded was but six dollars. With the addition of interest to the present time it exceeds ten dollars. Shall execution run against the body of the debtor?

Is "the amount of the original debt remaining due" less than ten dollars? The amount of the debt remaining due is one thing. The "amount of the *original* debt remaining due" represents something materially different. The amount of the debt remaining due includes interest. The amount of the original debt remaining due excludes interest, for interest is never part of the debt in its origin. It is what subsequently accrues.

The amount refers to the original debt as stated in the prior judgment, and not to the debt with the increment of interest. It requires that of the original debt, as recorded in such judgment, there shall be an amount due not less than ten dollars.

There is no perceptible reason why there should be a difference in the debt for which one may be arrested on mesne process, or on execution; and the antecedent legislation on this subject shows that the legislature never intended there should be any difference between the two cases.

Prior to 1835, the amount for which a debtor on contract was exempted from arrest was five dollars. In that year, by c. 195, § 1, it was enacted that "no person shall be arrested on any suit founded on contract, express or implied, bond, or other speciality, or on a judgment on contract when the sum demanded, nor in any execution issued on any judgment when the debt or damages are less than ten dollars, nor on any suit on a judgment or an execution issued on a judgment founded on any prior judgment, when the original debt or damages are less than ten dollars."

It is apparent that by this statute, the "sum demanded" on the original debt, to authorize an arrest must not be less than ten dollars.

In the revision of 1840, this section was broken up and its parts distributed under the several heads of arrest on mesne process and on execution, and the language then adopted has been continued in the subsequent revisions without verbal alteration to the present time. R. S. of 1840, c. 148, §§ 1, 2, 18.

Now, in the process of revision and in the distribution of the several parts of former statutes, verbal changes may take place, when it is obvious that no change in the meaning was intended. In *Hughes* v. *Farrar*, 45 Maine, 72, it was held that in the revision of statutes, a mere change in the phraseology is not to be deemed a change in the law, unless such appears to be the evident intent of the legislature. The legislation of the State, from 1835 to the present time, has been more and more favorable to the debtor class. The changes since made have been in that direction. It is not to be believed that such an anomaly was intended as that for the same debt one may be arrested on execution, and not arrested on mesne process. The same rule, rather, applies in each

case.   This, we think, is the true construction of the statute and best conforms to the will and design of the legislature.

*Writ denied.*

*Costs for the respondent.*

CUTTING, DICKERSON, BARROWS and DANFORTH, JJ., concurred.


Dissenting opinion by

VIRGIN, J.   On July 9, 1855, the petitioner recovered a judgment founded on a note, for $6.00 debt or damage, and $3.04 costs. On March 31, 1873, he recovered a judgment founded on the former judgment, for the sum of $18.96 debt or damage, and $3.47 costs. The debt in the latter judgment includes the debt recovered in the original or former judgment ($6.00) and interest thereon from its date to the date of the latter judgment, $6.38; thus making the debt and interest amount to $12.38.   The question is, shall the execution issued on the latter judgment run against the body of the judgment debtor.   I think it should.

By R. S., c. 113, § 2, "any person may be arrested · . . . . on mesne process on contract if the sum demanded amounts to $10 . . . . exclusive of interest;" or he "may be arrested on mesne process" on "a judgment on contract, if the debt originally recovered and remaining due is $10 or more, exclusive of interest." Or to express it in another form,—no person shall be arrested on mesne process on contract where "the sum demanded" is less than $10, "exclusive of interest;" or on mesne process "on a judgment on contract," where "the debt originally recovered" in the judgment declared on, "and remaining due" at the time the process is sued out, is less than $10 "exclusive of interest."   That is to say, notwithstanding the contract be interest bearing, as for instance a promissory note payable with interest, no arrest can be made under this statute, unless the principal is at least $10.

How different is the language applicable to executions.   By the first clause of § 19, "no person shall be arrested on an execution issued on a judgment founded on a contract, where the debt is less

than $10, exclusive of costs." By § 20, "in all other cases, except where express provision is by law made to the contrary, an execution shall run against the body of the judgment debtor."

What is the meaning of the word "debt" in § 19? Obviously, the sum determined to be due as damages. In the original statute (act of 1835, c. 195,) the language is, "where the debt or damages is less than $10." In judgments on contracts, the debt is made up by adding to the principal sum the interest from the date of the writ at least. Hence, in some instances, although the writ cannot run against the body, for the statute reason that the interest being expressly excluded from the computation, "the sum demanded" does not "amount to $10;" nevertheless, the execution issued on the judgment on that writ, may, for the reason applicable to executions, that the interest not being excluded, the debt or damages is not "less than $10, exclusive of costs."

Take an illustration: A. sues B. to recover payment for several items of groceries which "amount" to only $9.00 B. cannot be arrested on the writ, because "the sum demanded" "exclusive of interest" does not "amount to $10." If, however, the plaintiff, at the trial prove a demand made twenty-two months and seven days previously, he will recover as debt or damage, $9.00, ("the sum demanded") and $1.00 interest, making the "debt" recovered $10.00, together with a certain other sum as costs. The execution to be issued on that judgment will, therefore, run against the body of the judgment debtor, for the reason (unlike that applicable to the writ,) that the "debt" is not "less than $10.00, exclusive of costs."

But the decision of the case at bar depends upon the proper construction of the second clause of § 19, which is as follows:—No person shall be arrested on an execution issued on a judgment founded "on a prior judgment on contract, where the amount of the original debt remaining due is less than $10.00, exclusive of costs."

What is the meaning of the words—"the amount of the original debt?"

We have already seen what "debt" means. "Original debt" must mean the debt recovered in the former or original judgment as distinguished from that in the latter. "Amount," (say the lexicographers) means "the sum total of two or more particular sums or quantities." So when we speak of the amount of a bill of goods, we are understood to refer to the aggregate of all the items; and the amount of a note means the principal and interest added. Adopting this signification, "the amount of the original debt" would seem to mean the original debt with interest thereon.

Such is the meaning of the word in R. S., c. 82, § 28, which provides that "interest is to be allowed on amount found due for damages and costs in actions on judgments," &c.

It will be noticed that in § 2 the language is—"the debt originally recovered . . . . exclusive of interest"—the word "amount" not being used for the reason that "interest" is excluded; while in § 19, the language is—"the amount of the original debt . . . . exclusive of costs"—the word "amount" being used for the reason that costs only are excluded. The phrases "debt originally recovered" and "original debt" mean the same thing. But can it be said that the phrase "debt originally recovered exclusive of interest" means the same thing as the "amount of the original debt exclusive of costs," especially when it is considered that the debt is interest-bearing; that the interest is expressly excluded in one, and costs and not interest in the other ; that the two phrases are used by the same commissioners, in the same chapter treating of the same general subject-matter of arrest ? I cannot so understand them.

But it is said that in the process of revision and in the distribution of the several parts of the act of 1835, c. 195, § 1, under the respective heads of arrest on mesne process and on execution, mere verbal changes were made without any intentional change of meaning. But, to my understanding, the force of this suggestion is entirely overcome when, by a comparison of verbal changes, I find them so different, though applying to the same thing. For instance —the act of 1835, c. 195, § 1, provided—"no person shall be ar-

rested . . . . on any suit on a judgment or on an execution issued on a judgment founded on any prior judgment, where the original debt or damages is less than $10.00." When the section was distributed in the revision of 1841, that portion which applied to arrest on mesne process founded on a judgment was made to read— "if the debt originally recovered . . . . is $10.00, exclusive of interest." The changes are merely verbal, and do not change the meaning ; and if the same phraseology had been put into § 19 the meaning would have remained. But the language is so different I cannot resist the conclusion that the change was intended by the commissioners who made it, and the legislature which adopted it.

If we invoke the rule of construction prescribed by R. S., c. 1, § 4—"words and phrases are to be construed according to the common meaning of the language," the same conclusion is inevitable ; unless the "common meaning of the language" is to be sought for among the *profanum vulgus ;* for among the lexicographers the meaning contended for is not to be found. Moreover, I cannot believe that C. J. Mellen, chairman of the commissioners whose report formed the basis of the revision of 1841, and in which this phrase first occurred, used the word "amount" in an unauthorized sense, and that C. J. Shepley, who re-wrote the entire statutes in 1856, fell into the same "common" error.

It will also be noticed that the word "original" qualifies the word debt and not the word "amount."

Lest this literal view alone be obnoxious to the charge of sticking *in cortice*, let us inquire into the probable intention of the legislature in enacting the statute as it has stood since the revision of 1841.

It will not be seriously questioned that under the act of 1835, if a note for $8.00 and interest, executed in the presence of an attesting witness January 1, 1860, were sued, and judgment recovered January 1, 1861, the debt or damages would be $8.48, and consequently the execution could not run against the body ; whereas if the judgment were not recovered until January 1, 1870, the debt or damages would be $12.80 ; in which case the execution

would run against the body. Now, if the judgment were recovered as first above supposed, and that judgment were sued, and judgment recovered thereon January 1, 1870, the debt or damages exclusive of costs, would be $13.06—that is $8.48 ("original debt") and $4.58 (interest thereon), making the amount of the original debt $13.06. In such case, the respondent contends that the execution should not run against the body. Why shouldn't it ? Why should the intervening judgment prevent it ? A judgment is "the highest evidence of debt known to the law, upon which execution may be issued forthwith. . . . A judgment recovered, *ipso facto,* imports a debt due which may be assimilated to a contract to pay a certain sum with interest, and hence interest is recoverable by way of damages for the detention of the debt, and as part thereof." *Edwards* v. *Moody,* 60 Maine, 255. Such considerations among others, it is believed, induced the change of the statute so far as it is applicable to executions issued on a judgment on a prior judgment on contract.

The reason why different rules should be applied to arrest on writs and executions, the one excluding interest from the computation and the other impliedly at least including it, is found in the consideration, that the amount of interest recoverable on contracts, express or implied, depends upon many and various contingencies —such as the terms of the contract ; the time of demand, concerning which the evidence may be conflicting ; the construction and alleged fulfillment, &c., &c. On account of this uncertainty the legislature, in constructing a general rule, excluded interest entirely. But when the matter of interest had been passed upon by the court, and the sum fixed, it then became a part of the debt, subject to the other rule.

The reason why the legislature excluded costs when constructing the rule in relation to arrests on executions issued on judgments recovered on prior judgments, is equally obvious. The fact that the debt or damages in every successive judgment on a prior judgment includes the costs of the preceding one, enables the creditor to increase his debt against his debtor very rapidly. But all

such increment is excluded when computing the amount for which he may be arrested.

For the foregoing considerations, I am of the opinion that the writ of mandamus should be granted.

WALTON and PETERS, JJ., concurred.